**UNITED STATES of America,**
**Appellee,**

v.

**Jose Miguel MARTE, Defendant–**
**Appellant.**

**No. 07–0684–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 17, 2010.

Steven A. Feldman, Feldman and Feldman, Uniondale, NY, for Petitioner.

Jose Miguel Marte, Philipsburg, PA, pro se.

Amanda Kramer, Andrew L. Fish, Assistant United States Attorneys, of Counsel, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, ROGER J. MINER, DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

On December 20, 2006, Jose Marte was sentenced to 220 months' imprisonment after pleading guilty to multiple drug dealing offenses. *See* 21 U.S.C. §§ 812, 841, 846. We reject Marte's challenges to his guilty pleas and sentence.

■ Marte's guilty pleas were made knowingly and voluntarily, *see United States v. Torres,* 129 F.3d 710, 715 (2d Cir.1997), and were supported by an adequate factual basis, *see United States v. Andrades,* 169 F.3d 131, 136 (2d Cir.1999). The district court made no clear errors when it found (by a preponderance of evidence) predicate facts supporting a Guidelines range of 235–293 months. *See United States v. Villafuerte,* 502 F.3d 204, 206 (2d Cir.2007); *United States v. Ubiera,* 486 F.3d 71, 77 (2d Cir.2007). A sentence of 220 months' imprisonment was not substantively unreasonable. *See United States v. Cavera,* 550 F.3d 180, 190 (2d Cir.2008) (en banc).

■ While there seems to be no evidence in the record to support the claim of ineffective counsel that Marte made in his *pro se* brief, the government concedes that "[m]ost of Marte's ineffective assistance claims cannot be resolved without further development of the record. . . ." Therefore, we dismiss Marte's ineffective assistance of counsel claim without prejudice to its being filed in a later section 2255 petition. *See United States v. Khedr,* 343 F.3d 96, 99 (2d Cir.2003) (noting that "this court has expressed a baseline aversion to resolving ineffectiveness claims on direct review" (internal quotation marks omitted)).

Finding no merit in Marte's remaining arguments, we hereby **AFFIRM** the judgment of the district court.